IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
Civ. No. 09-1992 (JNE/RLE)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ROBERT LUND and JUDITH LUND, ) | **CONSENT DECREE** |
| ) | |
| Defendants. ) | |

## I. INTRODUCTION

On July 30, 2009, the United States of America ("United States") filed this action on behalf of Michelle Swib, and her minor children A.W. and I.W., against Robert Lund and Judith Lund ("Defendants") to enforce the provisions of Title VIII of the Civil Rights Act of 1968 ("the Fair Housing Act" or "the FHA"), as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601, *et seq*. The United States brought this complaint following a Determination of Reasonable Cause and Charge of Discrimination issued by the Secretary of Housing and Urban Development ("HUD") and a timely notice of election filed by the Defendants. *See* 42 U.S.C. § 3612(o).

The United States alleges in its complaint that Defendants discriminated on the basis of disability and violated the Fair Housing Act, 42 U.S.C. § 3604(f) and 3604(c). The complaint filed by the United States outlines the factual underpinnings of the civil rights claims against Defendants and is incorporated into this Consent Decree by reference.

In the interest of conserving time and expense, the Parties agree that this matter should be resolved without further litigation. Therefore, as indicated by the signatures below, the Parties agree to the entry of this Consent Decree. The Parties acknowledge that resolution of this matter is not to be construed as an admission of liability by Defendants. This Consent Decree constitutes full resolution of the Plaintiff's claims that Defendants discriminated against Michelle Swib and her two minor children on the basis of disability.

THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED:

## II. GENERAL INJUNCTION

1. Defendants, their agents, employees, and all other persons in active concert or participation with them, are hereby enjoined from:

   A. Discriminating in the rental, or otherwise making unavailable or denying, a dwelling to any renter because of disability, in violation of 42 U.S.C. § 3604(f)(1);

   B. Refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person with a disability an equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B);

   C. Making, printing or publishing, or causing to be made, printed or published any notice, statement or advertisement, with respect to the rental of a dwelling

that indicates any preference, limitation or discrimination based on disability, in violation of 42 U.S.C. § 3604(c); and

D. Coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, their rights under the Fair Housing Act, in violation of 42 U.S.C. § 3617.

### III. AFFIRMATIVE RELIEF

2. No later than thirty (30) days after the date of entry of this Consent Decree, Defendants shall adopt and implement a written policy that permits a resident in their Rental Properties[1] with a disability, as defined in section 802(h) of the Act, 42 U.S.C. § 3602(h),[2] to keep an assistance animal in his or her rental property and on the premises.

   A. For the purposes of this section:

---

[1] As defined in Section I, *supra*, the term "Rental Properties" refers to all residential, rental properties owned and managed by the Defendants. A list is attached hereto as Attachment C.

[2] Although the FHA refers to the protected class as persons with "handicaps," the term "disabilities" is synonymous and generally preferred. *See Bragdon v. Abbott*, 524 U.S. 624, 631 (1998).

- i. An "assistance animal" means an animal that does work or performs tasks for the benefit of a person with a physical disability or that ameliorates the effects of a mental or emotional disability, and
- ii. A "licensed health professional" means a person licensed by a public regulatory authority to provide medical care, therapy, or counseling to persons with mental or emotional disabilities, including, but not limited to, doctors, physician assistants, psychiatrists, psychologists, or social workers.

B. The policy may be conditioned on the fact that the resident has requested an assistance animal based on his or her disability.

C. In the case of an assistance animal that ameliorates the effects of a mental or emotional disability, the policy may be conditioned upon the need for a statement from a licensed health professional indicating:
- i. That the applicant has a mental or emotional disability, and
- ii. That the designated animal would ameliorate the effects of the disability.

D. In the case of an assistance animal that does work or performs tasks for the benefit of a person with a physical disability, the policy may be conditioned upon the need for documentation:

            i. That the animal has been individually trained to do work or perform tasks for the benefit of an individual with a disability, or

            ii. That the animal, despite lack of individual training, is able to do work or perform tasks for the benefit of an individual with a disability.

    E. In the case of an assistance animal which both ameliorates the effects of a mental or emotional disability and does work or performs tasks for the benefit of a person with a physical disability, the policy may require compliance with either paragraph 2(C) or 2(D), above, but not both.

    F. The policy may not be conditioned upon compliance with any of the following requirements:

            i. In the case of an assistance animal that ameliorates the effects of a mental or emotional disability, that the animal have been trained or have a certification of its efficacy, or

            ii. That the resident pay any fee, deposit, or other charge for keeping the animal.

3. Defendants shall, not later than ten (10) days after adoption, notify in writing each resident of Defendants' Rental Properties of the adoption and implementation of the policy referred to in paragraph 2, above. The notification shall be sent via first-class mail, postage pre-paid, to the head(s) of the household.

4. Defendants shall, not later than ten (10) days after the adoption of the policy referenced in paragraph 2, apprise each of Defendants' employees, agents, or any other persons who have responsibility for the management of Defendants' Rental Properties of such persons' obligations under this Consent Decree, including but not limited to paragraph 2 of this Consent Decree, and under the Fair Housing Act, 42 U.S.C. § 3601, *et seq*. Defendants shall furnish each such employee, agent, or other person covered by this paragraph with a copy of this Consent Decree. Each employee, agent, or other person covered by this paragraph shall sign a statement in the form of Attachment A acknowledging that he or she has received, read, and understood this Consent Decree, and declaring that he or she will perform his or her duties in accordance with this Consent Decree and the Fair Housing Act, 42 U.S.C. § 3601, *et seq*.

5. New employees or new agents who have responsibilities related to the management or rental of Defendants' Rental Properties shall (a) be apprised of the contents of this Consent Decree, including but not limited to paragraph 2 of this Consent Decree, and of their obligations under the Fair Housing Act, 42 U.S.C. § 3601, *et seq*., when their employment or agency commences; (b) be provided copies of this Consent Decree and the policy required by paragraph 2 of this Consent Decree; and (c) execute the statement appended hereto as Attachment A no later than five (5) days following their first day of employment or agency.

6. Within thirty (30) days of the entry of this Consent Decree, Defendants shall post and prominently display in each and every location where activity related to the management or rental of Defendants' Rental Properties occurs, a poster no smaller than 11 inches by 14 inches that indicates that all dwellings are available for rent on a nondiscriminatory basis. The poster shall comply with the requirements set out in 24 C.F.R. Part 110.

7. Within thirty (30) days of the entry of this Consent Decree, in all advertising conducted by the Defendants related to Defendants' Rental Properties in newspapers, telephone directories, radio, or other media, and on all signs, pamphlets, brochures, and other promotional literature, Defendants shall include the words "Equal Housing Opportunity," the fair housing logo, and/or the following sentence:

"We are an equal opportunity housing provider. We do not discriminate on the basis of race, color, national origin, religion, sex, familial status, or disability."

The words or logo shall be prominently placed and easily legible.

### IV. MANDATORY EDUCATION AND TRAINING

8. Within ninety (90) days of the entry of this Consent Decree, Defendants and their employees, agents, or any other persons who have responsibilities related to the management or rental of their Rental Properties shall attend, at Defendants' expense, a training program regarding the disability discrimination provisions of federal, state, and local fair housing laws. The training shall be conducted by a qualified third party,

approved by the United States, and unconnected to Defendants or their employees, agents, or counsel.

9.  Defendants must notify the Plaintiff of the name(s), address(es), and telephone number(s) of the trainer(s) as well as the time and location of each such training program at least thirty (30) days prior to the program.

### V. REPORTING AND RECORD-KEEPING REQUIREMENTS

10. Defendants shall, no later than 15 days after occurrence, provide to the United States notification and documentation of the following events:[3]

    A.  The adoption and implementation of the policy referred to in paragraph 2, above, to be documented by a complete statement of the rules and regulations of Defendants' Rental Properties;

    B.  The written notification to residents of Defendants' Rental Properties, required in paragraph 3, above;

    C.  The executed copies of Attachment A;

    D.  The training attended pursuant to Section IV, including a certification executed by the trainer(s) confirming attendance;

    E.  A copy of the sign that was posted indicating that dwellings are available for rent on a nondiscriminatory basis, as set forth in paragraph 6;

---

[3] All notifications required by this Consent Decree to be sent to the United States or counsel for the United States shall be addressed to: "Chief, Civil Division, U.S. Attorney's Office, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415."

F.  Any change in Defendants' rules or practices affecting the keeping of animals by residents in Defendants' Rental Properties;

G.  Any denial by Defendants of a request by a resident or prospective resident to keep an assistance animal in one of their Rental Properties pursuant to the exception referred to in paragraph 2, above, including the resident's name, address, and telephone number and details of the request and the reason(s) for its denial; and

H.  Any written or oral complaint against the Defendants regarding discrimination on the basis of disability, or conduct prohibited by 42 U.S.C. § 3617, including a copy of the written complaint itself or a written summary of an oral complaint and the name, address, and telephone number of the complainant. The Defendants shall also promptly provide the United States information concerning the complaint's resolution.

11. Defendants shall submit annually on the anniversary date of the entry of this Consent Decree a written report that includes the following information:

   A.  The information requested in paragraph 10, above, if not yet reported;

   B.  For every request made to keep an animal pursuant to the policy referred to in paragraph 2, above, during the preceding year:

      i.  The name and address of the requester;

      ii. The date of the request;

iii. The kind of animal requested and the type of disability the animal was requested to treat;

iv. All documents provided to the Defendants in support of this request, including documents provided pursuant to paragraphs 2(C) and 2(D) of this Consent Decree; and

v. The disposition of the request.

C. The purchase, inheritance, or acquisition by Defendants of an interest in any residential rental property, and any sale, transfer, or other disposition of any interest in their rental properties, including the identity of the purchaser(s) or person(s) to whom the interest is being transferred; and

D. A sample of any new leases executed for Defendants' Rental Properties, identifying any changes in the portion of the lease that outlines Defendants' pet policy.

12. For the duration of this Consent Decree, Defendants shall preserve all records relating to the following:

A. Complaints against them or their agents or employees of discrimination in housing on the basis of disability;

B. All rental records maintained in the normal course of their business – including, but not limited to, inquiry logs, applications, tenant files, leases, and

>           all records relating to actual or threatened evictions – created from the date of the entry of this Consent Decree;
>
>     C.    Any advertising conducted by the Defendants pursuant to paragraph 7; and
>
>     D.    The receipt and processing of requests for reasonable accommodation of animals by residents of Defendants.
>
> 13. Upon reasonable notice to Defendants, the U.S. Attorney's Office for the District of Minnesota shall be permitted to inspect and copy any of Defendants' records relating to Defendants' compliance with the terms of this Consent Decree, provided, however, that the U.S. Attorney's Office shall endeavor to minimize any inconvenience and administrative burden to the Defendants from such inspections.

### VI. COMPENSATION OF AGGRIEVED PERSONS

> 14. Within ten (10) days after the date of entry of this Consent Decree, the Defendants shall pay the sum of $1000.00 to resolve this matter as follows. Defendants shall deliver a check in the amount of $1000.00 made payable to Michelle Swib to the U.S. Attorney's Office for the District of Minnesota.[4] Upon receipt of the check, the U.S. Attorney's Office shall send to the Defendants an executed release of all claims, legal or equitable, that Ms. Swib might have against the Defendants relating to the claims asserted in this lawsuit, attached hereto as Attachment B.

---

[4] The copy of the check should be sent to Ana Voss, Assistant U.S. Attorney, U.S. Attorney's Office, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415.

# VII. COURT JURISDICTION, SCOPE, AND DURATION OF CONSENT ORDER

15. The Parties stipulate and the Court finds that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §3612(o). This Consent Decree is effective immediately upon its entry by the Court.

16. The Court shall retain jurisdiction over this action and over the Defendants for three (3) years from the date of entry of this Consent Decree to enforce its terms, after which time the case shall be dismissed with prejudice. The United States may move the Court to extend the duration of the Consent Decree in the interests of justice.

17. The Parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Decree prior to bringing such matters to the Court for resolution. However, in the event of a failure by Defendants to perform in a timely manner any act required by this Consent Decree or otherwise to act in conformance with any provision thereof, Plaintiff may move this Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance of such act or deeming such act to have been performed, and an award of any damages, costs, and reasonable attorney's fees which may have been occasioned by the violation or failure to perform.

IT IS SO ORDERED:

This 29th day of September, 2010.

                        s/ Joan N. Ericksen  
                        HON. JOAN N. ERICKSEN  
                        United States District Judge

Attorneys for Plaintiff United States:

B. TODD JONES
United States Attorney

                        Attorneys for Defendants:

| | |
|---|---|
| s/ Ana H. Voss | |
| BY: ANA H. VOSS | |
| Assistant U.S. Attorney | |
| Attorney ID Number 483656 | s/ Robert B. Stock |
| 600 U.S. Courthouse | ROBERT B. STOCK |
| 300 South Fourth Street | 218 NP Avenue |
| Minneapolis, MN 55415 | PO Box 1389. |
| (612) 664-5689 | Fargo, ND 58107-1389 |
| | Tel: |
| Email: ana.voss@usdoj.gov | Email:www.vogellaw.com |